```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

PALMARIS IMAGING OF WEST
VIRGINIA, PLLC, a West Virginia
Limited Liability Company,

       Plaintiff,

v.                      //    CIVIL ACTION NO. 1:06CV167
                               (Judge Keeley)

AMERIRAD, INC., a West
Virginia Medical Corporation,

       Defendant.

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT, AND
## MODIFYING REQUESTED AWARD OF POST-JUDGMENT INTEREST

This case involves the plaintiff, Palmaris Imaging of West Virginia, PLLC's, breach of contract claims against the defendant, Amerirad, Inc. In its complaint, Palmaris alleges that Amerirad is in breach of two separate contracts relating to radiological imaging services. The parties entered both contracts – the "Assignment Agreement" and the "Teleradiology Services Agreement" – on July 12, 2004. Before the Court is Palmaris's motion for partial summary judgment on its breach of contract claim under the Assignment Agreement. (Doc. No. 9.) Because there are no genuine issues of material fact and because the parties agree on both liability and the outstanding amount Amerirad owes to Palmaris under the contract, the Court **GRANTS** Palmaris's motion.

## I. Background

Palmaris sued Amerirad on November 17, 2006. On January 31, 2007, Amerirad answered Palmaris's complaint, admitting its

liability under the parties' Assignment Agreement as to Palmaris's breach of contract claim.[1]  Thereafter, on March 29, 2007, prior to the scheduling of this case, Palmaris filed its motion for partial summary judgment, seeking contractual damages of $110,063.68 through March 25, 2007, with additional pre-judgment interest of $13.13 per day and post-judgment interest accruing at a rate of 9.75% per annum until paid.

The Court addressed Palmaris's motion during the scheduling conference on April 24, 2007.  Given that Amerirad did not contest liability in its Answer, the Court ordered it to file a response to the pending motion and to detail its understanding of the outstanding balance due Palmaris under the Assignment Agreement.

Amerirad filed its response on May 11, 2007 in which it submitted that, because of subsequent installment payments made under the Assignment Agreement, its outstanding balance was $98,118.22.  Further, it asserted that, because the principal had been reduced, the applicable pre-judgment interest was accruing at a rate of $11.37 per day.  Palmaris agreed and, on June 12, 2007, filed its reply confirming that as of May 11, 2007, the outstanding balance due under the Assignment Agreement was $98,118.22 and that

---

[1] Ameridad admits in its answer that "it has failed to make one or more of the payments required by the Assignment Agreement, and that Plaintiff is owed an amount of money under the terms of the Assignment Agreement." (Doc. No. 6 at ¶9.)

$11.37 of pre-judgment interest is accruing per day.[2] Accordingly, it seeks entry of judgment for that amount, and further seeks the imposition of post-judgment interest at a rate of 9.75% per annum from the date of the entry of judgment until the debt is paid.

## II. Standard of Review

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Further, when applying the standard for summary judgment, a court must review the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In this case, the material facts are not in dispute, and the Court awards summary judgment as a matter of law.

## III. Discussion

---

[2] There is no dispute that as of May 11, 2007, pre-judgment simple interest at the rate of $11.37 per day is accruing on the principal balance of $83,026.80 due Palmaris. (See Doc. No. 18-2; and Doc. No. 20.)

**Palmaris v. Amerirad**                                                              1:06CV167

## ORDER

Pursuant to the parties' Assignment Agreement, Amerirad agreed to pay Palmaris $129,000.00 in "<u>twelve</u> (12) equal monthly installments of <u>$11,043.30</u> beginning August 1, 2004 and continuing on the <u>first</u> (1st) day of each month thereafter until all principal and accrued interest shall be paid in full." (Doc. No. 9, Ex. 1 at ¶9(a)(ii))(emphasis in original). Moreover, "[i]nterest on the aforementioned principal shall accrue at 5% per annum compounded annually." <u>Id.</u>

In accord with those terms, the parties agree that, as of May 11, 2007, the outstanding balance due Palmaris under the Assignment Agreement is $98,118.22 and that $11.37 of pre-judgment interest is accruing per day. Thus, neither liability nor the amount of damages relating to Palmaris's breach of contract claim under the Assignment Agreement is in dispute, and the Court **GRANTS** Palmaris's motion for partial summary judgment. (Doc. No. 9.) Accordingly, the Court enters final judgment against Amerirad in the amount of $98,118.22 as of May 11, 2007, plus an amount of $11.37 per day beginning on May 12, 2007 and terminating on the day prior to the of entry of this Order for a total judgment of **$98,743.57.**[3]

---

[3] Fifty-five (55) elapsed days at $11.37 per day equals $625.35. $625.35 plus $98,118.22 equals $98,743.57.

**Palmaris v. Amerirad**                                                        1:06CV167

---
ORDER
---

### IV. Post-Judgment Interest

In its motion and supporting briefs, Palmaris seeks the imposition of post-judgment interest at a rate of 9.75%. While Palmaris cites no authority for the suggested rate, the Court notes that 9.75% is the current statutory rate of post-judgment interest in West Virginia. See W.Va. Code § 56-6-31; and 2007 Rate of Interest on Judgments and Decrees, 2007 West Virginia Court Order 2.[4] Unlike Palmaris, Amerirad does not address the applicability or rate of post-judgment interest in any of its filings.

Assuming that Palmaris seeks the imposition of West Virginia's statutory post-judgment interest rate in this case, it is in error.

In civil actions such as this case sitting in diversity jurisdiction in federal court, courts apply the federal rate, rather than forum state's rate, for post-judgment interest. Forest Sales Corporation v. Bedingfield, 881 F.2d 111, 111-12 (4th Cir. 1989). Pursuant to 28 U.S.C. § 1961, a successful party may collect post-judgment interest "on any money judgment in a civil case recovered in a district court." In accord with the other circuit courts that have addressed the issue, the Fourth Circuit has held that "§ 1961 is properly applied in diversity actions."

---

[4] Cited in Westlaw as WV Order 07-2; also available at http://www.state.wv.us/WVSCA/Rules/InterestOrder.pdf.

Forest Sales, 881 F.2d at 112 (collecting cases).  Accordingly, pursuant to 28 U.S.C. § 1961, the Court finds that the federal rate of post-judgment interest applies in this case.

That rate is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment." 28 U.S.C. § 1961.  Further, "[t]he Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges." Id.  As of the date of entry of this Order, the applicable rate is 4.94%.[5]

Moreover, in the Fourth Circuit, the applicable rate of post-judgment interest applies to the entire amount of the judgment awarded – that is, the outstanding principal plus the amount of

---

[5] To calculate the applicable Post Judgement Interest Rate, see http://www.uscourts.gov/postjud/postjud.html and click on "current rate applicable." Of the two right-hand columns titled "Week Ending," choose the column for the Friday of the week immediately before the week when judgement was entered.  Interest rates for the prior week are posted each Monday and reflect the rate of judgements entered on any day of the preceding week.  For example, if judgement is entered on a Tuesday, choose the column that bears the date of the Friday immediately before the Tuesday.  The proper interest rate for any day that week is calculated by finding where the proper "Week Ending" column meets the "1-Year" row under "Treasury constant maturities." That rate stands regardless of whether judgement is paid in under or over a year.
    A February 28, 2001 memo from the Director of the Administrative Office of the U.S. Courts explains how to proceed with judgements and interest rates.  The memo can be found at http://jnet.ao.dcn/Memos/2001 Archive/Dir1018.html.

pre-judgment interest accrued on that principal as of the date of the judgment. Quesinberry v. Life Insurance Company of North America, 987 F.2d 1017, 1031 (4th Cir. 1993)(citing e.g., Drovers Bank v. Nat'l Bank & Trust Co., 829 F.2d 20, 23 (8th Cir. 1987)("contract interest was an element of money damages and 'post-judgment interest must be awarded on the entire amount of a judgment for money damages'"); see also, Edmonds v. Hughes Aircraft Co., 1998 WL 782016, *3 (E.D.Va. 1998)("In this circuit, post-judgment interest is calculated against the sum of the principal and the pre-judgment interest.")(citing Quesinberry, 987 F.2d at 1030).

Accordingly, pursuant to 28 U.S.C. § 1961, the Court finds that beginning today, post-judgment interest will accrue on the total judgment amount of **$98,743.57** at a rate of 4.94% until Amerirad's debt to Palmaris under the parties' Assignment Agreement is paid in full.

It is so **ORDERED.**

**ORDER**

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: July 6, 2007.

>                       /s/ Irene M. Keeley
>                       IRENE M. KEELEY
>                       UNITED STATES DISTRICT JUDGE