IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

JUL 31 2008

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

PALMARIS IMAGING OF WEST
VIRGINIA, PLLC, a West Virginia
Limited Liability Company,

    Plaintiff,

v.           CIVIL ACTION NO. 1:06cv167
             (Judge Keeley)

AMERIRAD, INC., a West
Virginia Medical Corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

  Pending before the Court are the parties' cross-motions for summary judgment. Because there is clear evidence that the Defendant utilized at least one independent contractor other than the Plaintiff in providing teleradiology services to Monongalia County General Hospital ("MGH"), the Court **GRANTS** the Plaintiff's motion and **DENIES** the Defendant's motion.

### I. BACKGROUND

  The Plaintiff, Palmaris Imaging of West Virginia, PLLC ("Palmaris"), and the Defendant, Amerirad, Inc. ("Amerirad"), are businesses which provide radiology services to healthcare providers. From November of 2002 until July of 2004, Palmaris had a contractual relationship with MGH to provide MGH with on-site

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

radiology services and teleradiology services.[1] In July 2004, Palmaris entered into an agreement with Defendant Amerirad, Inc. ("Amerirad"), assigning to Amerirad its right to provide these services to MGH. The contracts and overt acts at issue in this case relate to Amerirad's performance of its duties under this agreement.

On November 17, 2006, Palmaris sued Amerirad, alleging two breach of contract claims. Specifically, Palmaris alleged that Amerirad breached an agreement entitled "Imaging Services Assignment, Assumption, and Consent to Assignment Agreement" ("Assignment Agreement"), which Palmaris and Amerirad entered into on July 12, 2004, by failing to make monthly payments of $11,043.30 as agreed to in § 9(a)(ii) of that Agreement. Palmaris also alleged that Amerirad breached an addendum agreement entitled "Teleradiology Service Agreement" ("Services Agreement"), entered into contemporaneously by Palmaris and Amerirad, by providing teleradiology services to MGH in violation of § 7(i) of that Agreement. In its answer, Amerirad admitted that it had failed to

---

[1] As stated in the Defendant's brief, teleradiology is a form of radiology in which radiographic images such as x-rays, MRI's, and CT scans are taken at one location, and then are electronically transmitted to another location to be read and interpreted.

### MEMORANDUM OPINION AND ORDER GRANTING
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

make payments required by the Assignment Agreement but denied it had breached the Services Agreement.

On March 29, 2007, Palmaris filed a motion for partial summary judgment and entry of final judgment on the breach of the Assignment Agreement. On July 6, 2007, the Court granted Palmaris's motion and awarded the balance of the contract, $98,743.57, plus post-judgment interest. Amerirad paid the balance and the Court entered a satisfaction of judgment order on August 9, 2007.

## II. PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

On January 31, 2008, Palmaris filed a second motion for summary judgment, arguing that Amerirad had breached the Services Agreement by providing its own teleradiology services to MGH. In an accompanying memorandum, Palmaris argued that the language of § 7(i), "[Amerirad] agrees that all teleradiology services provided to [Amerirad] shall be provided exclusively by Palmaris WV," when read in light of the contract's purpose, indicates that Palmaris was to be the sole source of teleradiology services used by Amerirad to satisfy its obligations to MGH. The contract states in pertinent part:

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

> WHEREAS, Client has contracted with Monongalia County General Hospital, a West Virginia Nonprofit corporation ("Hospital") to provide radiological services pursuant to an Amended Imaging Services Agreement of even date herewith (the ISA); and
>
> WHEREAS, Client wishes to contract with Palmaris WV to avail itself of the professional teleradiology services of the licensed physicians associated with Palmaris WV in order to satisfy Client's obligations to Hospital pursuant to the ISA, and Palmaris WV wishes to provide such teleradiology services to Client all on the terms and conditions herein. . . .

Palmaris argues that, by hiring its own employees and contractors to perform these services, Amerirad breached § 7(i) of the Services Agreement. Furthermore, Palmaris asserts that, had it wished to provide its own teleradiology services, Amerirad could have terminated the Services Agreement under § 3, which states:

> Termination. This agreement may be terminated by either party without cause, reason, or justification upon sixty (60) days prior written notice to the other party specifying the date of termination.

Amerirad filed a response in which it argued that Palmaris's interpretation of § 7(i) is inconsistent with the plain language of the clause, as well as with the purpose of the entire agreement. It contends that the plain language of the clause does not preclude it from providing its own teleradiology services; instead, the clause only prevents Amerirad from accepting outside services from a provider other than Palmaris. Amerirad further argues that the

Palmaris v. Amerirad                                                1:06cv167

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

entire agreement, which included the Services Agreement and the Assignment Agreement, was intended to assign to Amerirad the rights to provide all radiology services to MGH. According to Amerirad, a reading of § 7(i) that prohibits Amerirad from providing its own teleradiology services would be inconsistent with the overall agreement. Furthermore, Amerirad asserts that Palmaris, who drafted the language of § 7(i), could have expressly written such a prohibition into the contract had that been the parties' intention.

Palmaris's reply points out that, even if Amerirad's interpretation of § 7(i) is correct, Amerirad hired independent contractors to perform teleradiology services. Palmaris argues that Amerirad's use of these contractors constitutes a clear breach of the parties' Services Agreement.

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On January 31, 2008, Amerirad filed a motion for summary judgment, asserting that the Services Agreement was not intended to assign all teleradiology rights at MGH to Palmaris. According to Amerirad, that Agreement contemplated that Palmaris was only to be used for overflow or off-hour teleradiology services that Amerirad could not initially handle on its own. According to Amerirad, the

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Assignment Agreement assigned to Amerirad all of Palmaris's rights to provide radiology services to MGH; the Services Agreement, which the parties entered into as a supplement to the Assignment Agreement, then assigned to Palmaris the right to provide outside teleradiology services to Amerirad so that it could meet its obligations under the Assignment Agreement. As such, Amerirad believes that the agreement was not intended to prevent it from providing its own teleradiology services, which it began doing as the company expanded and hired employees to provide such services. Based on these assertions, Amerirad argues that it did not breach the Services Agreement and is entitled to summary judgment on Palmaris's claims.

Palmaris's response to the motion asserts that, because Amerirad did not have the capability to provide teleradiology when it entered into the Services Agreement, it is reasonable to conclude that Amerirad agreed to use Palmaris as its exclusive source of teleradiology services at MGH. Furthermore, Palmaris points out, Amerirad should have terminated the Services Agreement before providing its own teleradiology services. Because Amerirad failed to do so, Palmaris contends it breached that Agreement.

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Amerirad's reply to this argument reiterates that the plain language of the contract does not preclude it from providing its own services to MGH, and points out that Palmaris's interpretation of the contract is "all or nothing," requiring Amerirad to terminate the agreement should it wish to provide any teleradiology services to MGH. Because Amerirad would not initially have had the capability to provide all teleradiology services to MGH, Palmaris contends that a reasonable interpretation of the agreement is that Amerirad contracted with Palmaris to provide any additional services needed to satisfy MGH's needs.

### IV. STANDARD OF REVIEW

"[A] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York, 133 S.E.2d 770, 777 (W.Va. 1963).

"The mere fact that parties do not agree to the construction of a contract does not render it ambiguous. The question as to whether a contract is ambiguous is a question of law to be determined by the court." Berkeley County Public Service District, etc. v. Vitro Corporation of America, 162 S.E.2d 189, 200

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

(W.Va. 1968). Contract language is considered ambiguous where an agreement's terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meaning of the words employed and obligation undertaken. Fraternal Order of Police v. Fairmont, 468 S.E.2d 712, 716 (W.Va. 1996). If the contract language is found to be unambiguous, "it is the safest and best mode of construction to give words, free from ambiguity, their plain and ordinary meaning." Supervalu Operations, Inc. v. Center Design, Inc., 524 S.E.2d 666, 670 (W.Va. 1999) (quoting Syl. Pt. 3, Bennett v. Dove, 277 S.E.2d 617 (W.Va. 1981)).

### V. ANALYSIS

**A. The Plain Language of § 7(i) Does Not Prevent Amerirad From Providing Its Own Teleradiology Services to MGH**

In § 2.1 of the original "Imaging Services Agreement" between MGH and Palmaris, it states that "Hospital hereby retains Palmaris and Palmaris accepts such retention to make available and provide Radiologist Services and Teleradiology services . . . ." Section 2.2 states that "[t]he parties hereto specifically intend that by this Agreement Palmaris shall be the exclusive source of Radiologist Services and Teleradiology services . . . ." Page one of the Agreement provides that Palmaris "assures availability of

**Palmaris v. Amerirad**  1:06cv167

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Radiologist Services twenty-four (24) hours per day, seven (7) days per week, 365 days per year . . . ."

In § 5 of the Assignment Agreement between Palmaris and Amerirad, it states that "Palmaris WV hereby assigns and Amerirad hereby assumes all the rights and responsibilities of Palmaris WV set forth in the [Imaging Services Agreement] . . . ." The Services Agreement, entered into as a supplement to the Assignment Agreement, provides, in the third recital, that Amerirad wishes "to avail itself of the professional teleradiology services of . . . Palmaris WV in order to satisfy Client's obligations to Hospital pursuant to the ISA . . . ."

Section 7(i) of the Services Agreement states: "[Amerirad] agrees that all teleradiology services provided to [Amerirad] shall be provided exclusively by Palmaris WV." The Court finds that this clause unambiguously restricts who can provide services to Amerirad; it does not, however, prevent Amerirad from providing its own teleradiology services to MGH.

This reading is particularly compelling when considered in light of the two related Agreements. In the original Agreement, MGH assigned exclusive rights to its radiology and teleradiology services to Palmaris, requiring Palmaris to provide such

9

Palmaris v. Amerirad                                          1:06cv167

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

teleradiology 24 hours a day, 365 days a year. Palmaris then assigned its exclusive rights to Amerirad in the Assignment Agreement, including its right to provide MGH with teleradiology services. Importantly, Amerirad did not then reassign its rights to provide teleradiology services back to Palmaris; instead, it contracted with Palmaris so that it could fully complete its obligations under the Assignment Agreement.

**B.   Amerirad Breached the Services Agreement by Receiving Teleradiology Services From at Least One Contractor Other Than Palmaris**

Although Amerirad did not breach the Services Agreement by providing its own teleradiology services to MGH, the Court finds that it nonetheless did breach that Agreement by hiring contractors other than Palmaris to provide teleradiology services. Exhibit 8 of the Plaintiff's memorandum is a "Professional Services Agreement" between Amerirad and a Dr. Johnson, entered into "as of January, 2006." This Agreement specifically refers to Dr. Johnson in § 1.02 as an "Independent Contractor" and Recital G of the agreement states that "Contractor will perform the Interpretation Services for [Amerirad] primarily via a teleradiology system." Section 2.01(a) of this Agreement states that "Contractor shall provide [Amerirad] with Interpretation Services for those

Palmaris v. Amerirad                                          1:06cv167

MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Facilities listed on Exhibit A." The first facility listed on Exhibit A of the agreement is MGH.

In contrast, Exhibit 9 of the Plaintiff's memorandum is a "Physician Employment Agreement" between Amerirad and a Dr. Noble, entered into "as of this 30th day of December, 2005." This Agreement specifically refers to Amerirad as "Employer," and Article I of the Agreement is titled "Employment Terms." Section 2.1 of these employment terms states that "Physician shall engage in providing Radiology Services to patients of Hospitals. For purposes of this Agreement, 'Radiology Services' shall mean the reading and interpretation of any and all radiology images or studies provided while on-site or transmitted to Physician . . . ."

There are clear differences in the language of these two contracts. In addition to those noted above, the "Physician Employment Agreement" specifically provides for employee benefits under Article V, provisions not present in the "Professional Services Agreement." Additionally, § 1.02(a) of the "Professional Services Agreement" specifically states that "this Agreement shall not constitute the formation of a partnership, joint venture or employer/employee relationship between the Parties" whereas § 1.2 of the "Physician Employment Agreement" is entitled "Full-time

Palmaris v. Amerirad                                        1:06cv167

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Employment." Based on these differences, it is apparent that Amerirad contracted with Dr. Johnson to be an independent contractor and hired Dr. Noble as an employee. Because § 7(i) prevents Amerirad from accepting services from contractors other than Palmaris, the Court finds that Amerirad breached the Services Agreement by contracting with Dr. Johnson for teleradiology services.

## VI. CONCLUSION

Because Amerirad breached the Services Agreement by hiring at least one independent contractor to provide it with teleradiology services, the Court **GRANTS** Palmaris's motion for summary judgment (dkt. no. 57) and **DENIES** Amerirad's motion for summary judgment (dkt. no. 59). Between the time of entry of this Order and the Court's entry of an earlier Order on July 6, 2007, this Court has held, as a matter of law, that Amerirad breached both the Assignment Agreement and the Services Agreement. By its Order of August 9, 2007, it also found that Amerirad had fully compensated Palmaris for any damages related to the breach of the Assignment Agreement. Consequently, it will be necessary to conduct a scheduling conference on **Friday, October 10, 2008 at 3:00 p.m. at the Clarksburg point of holding court** in order to set a date for

**Palmaris v. Amerirad**  1:06cv167

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

trial on damages for breach of the Services Agreement. The parties must conduct an initial planning meeting **no later than Friday, September 12, 2008** and file a Rule 26 meeting report with the Court **no later than Friday, September 26, 2008**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

Dated: July 31, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE